UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY L. RHODES | ) | Case Number |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| OXFORD MANAGEMENT SERVICES | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Terry L. Rhodes, by and through his undersigned

counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully

avers as follows:

I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Terry L. Rhodes (hereinafter "Plaintiff"), is an individual

consumer and brings this action for actual and statutory damages and other relief against

Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

II.     JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C.

§1337.

3.    Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania.

### III.    PARTIES

4.    Plaintiff, Terry L. Rhodes, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 203 Winston Drive, Altoona, Pennsylvania 16601.

5.    Defendant, Oxford Management Services ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 135 Maxess Road Melville, NY 11747

6.    Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.    Plaintiff has recently started receiving a series of harassing telephone calls from defendant relative to the collection of an underlying debt for Direct TV.   Plaintiff does not now nor has he ever subscribed to Direct TV.   The alleged consumer debt is not his debt.

8.    Defendant has persistently and unrelentingly called plaintiff to collect this debt, acting in an abusive manner and on numerous occasions simply hanging up on him when he tells defendant the debt is not his debt.

9.      Plaintiff has requested in writing that defendant verify the debt, but defendant has failed and refused, and continues to fail and refuse, to verify the debt. Defendant has additionally failed to stop calling defendant.

10.     Plaintiff has additionally provided documentation that the Direct TV invoice does not reflect plaintiff's address or telephone number at or around the time the Direct TV service purportedly was being used, and further, does not reflect plaintiff's address or telephone number now.  Notwithstanding the fact plaintiff has provided defendant with this information, defendant continues the harassing calls to plaintiff at all hours of the day and night.

11.     Defendant's rude, abusive, relentless and harassing calls to plaintiff are a violation of Pennsylvania Law.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

12.     The above paragraphs are hereby incorporated herein by reference.

13.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a.      15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

b.      15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

c.     15 U.S.C. 1692d, in that Defendant engaged in conduct the natural

consequence of which is to harass, oppress, or abuse Plaintiff in connection with the

collection of a debt.

14.     As a result of the foregoing violations of the FDCPA, Defendant is liable to

Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual

damages, statutory damages, attorney's fees and costs and other appropriate relief,

pursuant to 73 P.S. § 201-9.2.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his

favor and against Defendant and Order the following relief:

a.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. §1692k;

d.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

e.     Such additional and further relief as may be appropriate or that the interests

of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

15.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing

paragraphs.

16.     The collection of debt in Pennsylvania is proscribed by the Fair Credit

Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

17.     The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

18.     The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

19      The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

20.     Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTCPL.

21.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

22.     By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of suit; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III

### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.

22.      The foregoing paragraphs are incorporated herein by reference.

24.      Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

25.      The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

26.      The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

a.       Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1;

b.      Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL;

27.      As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

28.     By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

      i.     An Order declaring that Defendant violated the UTPCPL;

      ii.    Actual damages;

      iii.   Treble damages;

      iv.    An award of reasonable attorney's fees and expenses and costs of suit; and

      v.     Such addition relief as is deemed just and proper, or that the interests of justice may require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                **Respectfully submitted,**

                **WARREN, VULLINGS & VASSALLO,  LLP**

**Date:   5/28/2008**

                **BY:   _/s/ Carol L. Vassallo_**
Carol L. Vassallo
Warren, Vullings & Vassallo LLP
Identification No. 45372
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff